NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL F. RYAN,<br><br>  Plaintiff,<br><br>v.<br><br>STEPHEN D'LLIO, *et al.*,<br><br>  Defendants. | Civil Action No. 15-0056 (RBK)<br><br>**OPINION** |

**KUGLER, DISTRICT JUDGE**

Before this Court is the Petition for a writ of habeas corpus of Petitioner Samuel F. Ryan ("Petitioner"), brought pursuant to 28 U.S.C. § 2254. (D.E. No. 3.) Following an order to answer, Respondents filed a response to the Petition. (D.E. No. 10.) For the reasons explained below, the Petition is denied as time-barred under 28 U.S.C. § 2244(d) and the Court declines to issue a certificate of appealability.

**I.    BACKGROUND**

The following brief factual summary is taken from the New Jersey Appellate Division's opinion, on direct appeal, affirming Petitioner's conviction and sentence:

> The conviction arose from an armed robbery of a WaWa store in Vineland. If the jury accepted the testimony of defendant's confederate (which was largely corroborated by another individual who drove them to the store), defendant's guilt was established beyond a reasonable doubt.

(D.E. No. 10-11 at 2.)

After a trial by jury on Indictment No. 96-04-0475 ("WaWa Robbery"), Petitioner was convicted of armed robbery, two counts of aggravated assault, two counts of possession of a

1

handgun for an unlawful purpose, unlawful possession of a handgun, and two counts of terroristic threats. (D.E. No. 10-11 at 1.) As a second Graves Act offender, he was sentenced to an extended term of sixty years with a minimum of twenty years for the armed robbery and a concurrent term of five years for unlawful possession of a handgun. (*Id*.) On direct appeal, the Superior Court of New Jersey, Appellate Division, affirmed the conviction on November 4, 1999 (D.E. No. 10-11), and the Supreme Court denied certification on February 16, 2000. (D.E. No. 10-12.)

Petitioner has filed many unsuccessful state petitions for post-conviction relief ("PCR") over the course of the past fifteen years, including petitions that challenged both this judgement of conviction (D.E. No. 10-8), and a separate judgment of conviction with respect to a robbery at a Texaco gasoline station ("Texaco Robbery").[1, 2, 3] Petitioner filed his final PCR petition on the WaWa Robbery ("Final PCR Petition") with the state court on or about September 23, 2011 (D.E.

---

[1] Pursuant to Indictment No. 96-04-0511 ("Texaco Robbery") and New Jersey's "Three-Strikes" law, N.J.S.A. 2C:43-7.1(a), Petitioner was sentenced to concurrent extended terms of life imprisonment without parole for robbery and attempted murder, and to lesser concurrent terms of imprisonment on the other offenses. *See Ryan v. Hendricks*, No. CIV. A. 04-4447 (RBK), 2014 WL 268578 *2 (D.N.J. Jan. 23, 2014). The Court also notes that there is a separate judgment of conviction for the Texaco Robbery. (*See* 1:04-cv-04447-RBK, D.E. No. 20-2.)

[2] Based on the record provided, it appears that Petitioner has filed, in total, eleven PCR petitions relating to both indictments, and that a number of the PCR petitions were filed on both indictments. (*See* D.E. No. 10-14 at 1; D.E. No. 10-68 at 1; D.E. No. 10-76 at 3.) Nevertheless, for our purposes, the Court is only concerned with PCR petitions filed on the WaWa Robbery, because the instant habeas petition only concerns the WaWa Robbery.

[3] Petitioner has also previously filed a writ of habeas corpus related to the Texaco Robbery that was denied by this Court on January 23, 2014. *Ryan*, 2014 WL 268578. Petitioner alludes to the Texaco Robbery in his facts supporting Ground Three of the instant habeas Petition stating he "should be given new trials on both cases." (D.E. No. 3 at 9.) However, because the habeas petition related to the Texaco Robbery has previously been denied on the merits, this Court presently lacks jurisdiction to adjudicate those claims. *See Blystone* v. *Horn*, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek . . . authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar") (internal citation and quotations omitted).

No. 10-76), the trial court denied the petition on January 14th, 2012 (D.E. No. 10-78), and the New Jersey Supreme Court ultimately denied certification on June 13, 2013.[4] (D.E. No. 10-85.)

Petitioner then filed an undated habeas Petition with this Court, postmarked as of January 2, 2015.[5] (D.E. No. 1-3.) The habeas Petition was administratively terminated, and Petitioner filed a subsequent habeas Petition with this Court, executed on February 24, 2015. (D.E. No. 3.) Petitioner raises three grounds for habeas relief:

1) Samuel Ryan was denied eff[e]ctive assistance of counsel at his post-conviction hearing consequently, the trial court erred in denying PCR.

2) Def[e]ndant was denied effective assistance of counsel.

3) Defendant has shown that he was not informed of his exposure to the three strikes or the Graves Acts extended t[er]m, during two plea offer[s]. He should be given new trials on both cases.

(D.E. No. 3 at 6-9.)

Respondents filed an answer in which they argue Petitioner's claims are time-barred and they lack merit.[6] The Court agrees that the instant Petition is time barred and must, therefore, be denied.

---

[4] The Court first notes that the Final PCR Petition was filed on both the WaWa Robbery indictment, and the Texaco Robbery indictment. The Court also notes that one subsequent PCR petition appears to have been filed by Petitioner, but because it relates only to the Texaco Robbery, it does not concern the Court's findings here.

[5] For purposes of the statute of limitations inquiry, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir.1998); *see also Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80, 84 n. 2 (3d Cir.2013) (describing prisoner mailbox rule generally). The Court assumes for purposes of this Opinion that Petitioner delivered his Petition to prison officials on the day the envelope is postmarked.

[6] While not all of the claims in Petitioner's many PCR petitions have been fully exhausted, Respondents agree that the claims raised in the instant Petition are exhausted. (D.E. No. 10.)

3

## II. STATUTE OF LIMITATIONS ANALYSIS

The governing statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is found at 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see also, Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000).

Here, Petitioner received his judgement of conviction on May 16, 1997. (D.E. No. 10-8.) He appealed, and the Supreme Court of New Jersey ultimately denied certification on February 16, 2000. (D.E. No. 10-12.) Petitioner then had 90 days in which to file a petition for writ of certiorari to the United States Supreme Court, but does not appear to have done so. Accordingly, the 90 days expired on May 16, 2000, after which the one-year statute of limitations period began to run. *See Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 122 (3d Cir. 2017).

A properly filed PCR petition will statutorily toll the AEDPA limitations period. *See* 28 U.S.C. § 2244(d)(2). In this case, Petitioner filed numerous PCR petitions between the date the one-year statute of limitations period began to run for AEDPA purposes on May 17, 2000, and the date he filed the instant habeas Petition on January 2, 2015.[7] Without addressing each of the PCR petitions in detail, the Court points specifically to Petitioner's Final PCR Petition on the Wawa Robbery, which was denied certification by the New Jersey Supreme Court on June 13, 2013. (D.E. No. 10-85.) Even if Petitioner could somehow show that he was entitled to tolling between the date the one-year statute of limitations period began to run on May 17, 2000, and the denial of certification on his Final PCR Petition on June 3, 2013, Petitioner's current habeas Petition is still time barred by over six months, as it was only filed with this court on January 2, 2015.[8] (D.E. No. 1-3.) Absent a showing by Petitioner that he is entitled to equitable tolling, Petitioner's current habeas Petition is time barred.

To be entitled to equitable tolling, Petitioner must show "(1) that he faced extraordinary circumstances that stood in the way of timely filing, and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (internal citation and quotations omitted). Further, while equitable tolling has been applied to the habeas limitations period, it "is a remedy which should be invoked only sparingly." *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (internal citations and quotations omitted).

---

[7] This date refers to the postmarked date in Petitioner's initial habeas filing. While the habeas Petition was administratively terminated, and does not appear to have been properly executed, the Court will still refer to the earliest possible date of filing, in Petitioner's favor.

[8] The Court notes that attached to Petitioner's initial habeas filing is an *in forma pauperis* application, executed on December 31, 2014. (D.E. No. 1-2 at 3.) Even if the Court construed this earlier date as the date of Petitioner's habeas filing, the analysis would not change and the habeas Petition would still be time barred by over six months.

Petitioner cites to *Martinez v. Ryan*, 556 U.S. 1 (2012), in support of his assertion that the instant Petition is not time barred. (D.E. No. 3 at 14; D.E. No. 13 at 16-17.) Petitioner's argument, however, misapplies *Martinez*. *Martinez* addressed only whether ineffective assistance of first–PCR counsel was sufficient cause to permit a habeas petitioner to overcome the procedural default rule, not whether such ineffective assistance can act to toll the habeas limitations period. *Id.* at 4. Indeed, *Martinez* is entirely silent as to the habeas statute of limitations, and courts have consistently held that *Martinez* provides no basis for the equitable tolling of the habeas limitations period. *See, e.g.*, *Bland v. Superintendent Greene SCI*, No. 16-3475, 2017 WL 3897066 at *1 (3d Cir. Jan. 5, 2017) ("[t]hough *Martinez* permits a procedurally defaulted claim of ineffective assistance of counsel to be raised where the default was caused by the ineffective assistance of post-conviction counsel, *Martinez* has nothing to do with the governing statute of limitations and cannot excuse a failure to file within the limitations period"); *Wilson v. Sweeney*, No. CIV. A. 11–1201 (SDW), 2014 WL 714920, at *12 (D.N.J. Feb. 24, 2014) (collecting cases). Thus, *Martinez* does not stand for the proposition that Petitioner should be entitled to equitable tolling of the limitations period.

Even assuming that Petitioner's reliance on *Martinez* is sufficient to establish exceptional circumstances sufficient to warrant tolling, Petitioner has failed to establish that he exercised reasonable diligence in filing the instant habeas Petition. For example, the claims raised in Grounds Two and Three of the instant habeas Petition concerning his plea deal, are nearly identical to issues he raised on an earlier PCR petition in April of 2009. (D.E. No. 10-68 at 18-27.) These claims were rejected by the state courts (D.E. No. 10-71; D.E. No. 10-74), and denied certification by the New Jersey Supreme Court on February 3, 2011. (D.E. No. 10-75.) Nevertheless, Petitioner

still waited to file a habeas Petition on these matters until January of 2015.[9] There, the state court found no explanation for Petitioner's delay (D.E. No. 10-74); nor does this Court. Petitioner has not explained his delay, and the Court finds no reasonable diligence on the record before it. Petitioner is thus not entitled to equitable tolling. *Pabon*, 654 F.3d at 399. Because Petitioner has not provided any other argument as to why he should be permitted to proceed despite the untimeliness of his habeas Petition, Petitioner's current Petition is time barred and must be denied.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

---

[9] Unlike Grounds Two and Three, Ground One of the instant habeas Petition raises claims that his PCR counsel was ineffective. (D.E. No. 3 at 6.) This claim appears to have been raised by counsel on appeal from the denial of an earlier PCR petition filed by Petitioner. (D.E. No. 10-88.) The Appellate Division affirmed the state court's denial of PCR (D.E. No. 10-19), and the New Jersey Supreme Court denied certification on September 8, 2003. (D.E. No. 10-22.) With respect to this claim, it appears that Petitioner waited over a decade to raise this claim with this Court.

7

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. Therefore, no certificate of appealability shall issue.

## IV. CONCLUSION

For the reasons stated above, the Petition for habeas relief is denied as untimely under 28 U.S.C. § 2244(d), and a certificate of appealability will not issue. An appropriate order follows.

Dated: February 27, 2018                         s/Robert B. Kugler
                                                                  **ROBERT B. KUGLER**
                                                                  **United States District Judge**